My name is Assistant State's Attorney Justin Erb. I'm here representing the people of Illinois. The rule doesn't just require you that far. It requires that you are registered to be a defendant. The trial of a defendant must prove, word to word or reversal, that no rational trial effect could have convicted the defendant. But part of the trial level apportionment of burden remains even on appeal. The state has stepped with the charges that it pursued below and it's stepped with its theory of prosecution. The state cannot come up with new theories to affirm a conviction. If the state has asked for such an affirmance in this case, the trial of the state tried my client for attempted aggravated criminal sexual assault based on one version of sexual penetration. But as the opening brief showed, that version was legally incorrect. What the state argued and what the state presented to the jury was not, did not in fact meet the definition of sexual penetration. In its brief, the state offers a new theory, but its theory below, it had only one theory below, and that theory was invalid. The state must be kept to the theory that it prosecuted the case with. There is no doubt that this Court has jurisdiction for the appeal. The legislature and the Supreme Court have both found that a defendant who flees the jurisdiction still retains certain procedural rights. If the defendant returns. How is this case different than, if at all, People v. Priest? People v. Priest, from a procedural perspective, I don't think it's much different. But the, but the, the holding is wrong in Priest, obviously. Well, why do you say that? Priest found that there was a conflict between Rule 606 and Subsection G of the In Absentia Statute, but there is no conflict. Rule 606 doesn't mention Subsection G, and vice versa. And in People v. Partee, the Illinois Supreme Court, they cleared that the two provisions work in parallel, that one does not preclude the other. In fact, in People v. Partee, the Court twice held that a defendant who is taking an appeal from Subsection G of the In Absentia Statute can raise issues unrelated to their absence. And the position in People, the holding of People v. Priest is contrary to that. In Priest, the Court found that there was a conflict, and in Partee, the Court found that there was no such conflict. The conflict did not exist. And it's not just People v. Partee that found that. This Court in the Dupree case in the 4th District in People v. Williams both followed what I think is a fairly straightforward application of People v. Partee, and also an application of the specific language in Subsection G of the In Absentia Statute, which says that the review can cover trial issues, can, can, can address the court judgment in a sentence not vacated by the trial court. So both the language of Subsection G, the Illinois Supreme Court's decision in People v. Partee, and the Apollo Court decisions in Dupree and Williams show that the Court has jurisdiction. With regard to the merits, the State did not prove a veiled version of attempted aggravated criminal sexual assault. The attempt, of course, requires both, attempt and a substantial step towards a crime. And the crime here that was alleged was, my client was alleged to have been attempting to commit an aggravated criminal sexual assault, which requires sexual penetration. Now that term is, that phrase is a term of art which is defined in the statute to, under both a contact clause and an intrusion clause. The State below, the prosecutors below, pursued only one theory, that my client attempted to make digital contact with the victim's vagina. The State, in order to pursue this theory, the State instructed the jury on the definition of sexual penetration that was exclusively contact between an object and another person's sex organ. Under People v. McGeady, however, this was an invalid theory. McGeady found that under the contact clause, an object meets what we would conventionally think of as an object. Kennedy, in this case, with regard to the, what was that issue there? I mean, here we have an attempt, aggravated criminal. And so the State doesn't have to prove that there was actual penetration, right? That's right. The question there is whether the State does need to prove that there was both an intent to commit an act of sexual penetration and a substantial step towards sexual penetration. And the only theory of penetration offered in the trial court was one that was invalid under McGeady. McGeady found that a finger did not count as an object under the contact clause of the definition of sexual penetration. And so McGeady- And the basis for you saying that is because the State, in its closing argument, said a hand or a finger would be sufficient. It's not only the closing argument. The only instruction given to the jury defined sexual penetration in terms of contact between an object and a sex organ. Right. And so in closing argument, the prosecutor read the definition and then said, what's an object? An object is a finger. Right. But we all know closing argument isn't evidence. That's right. But the- Is ripping her clothes off or dragging her up the hill, everything else, is that not evidence of a substantial step? If the State had offered the general definition of sexual penetration rather than the narrow one that they gave in this case, perhaps there could be an argument that he had attempted to commit an act of sexual penetration that did meet the definition. That's not what happened in this case. The State offered a narrow theory of prosecution. And crucially, that was the only one that the jury was instructed in. And I think the Illinois Supreme Court case in People v. Lead is instructive on that, which is that the- when a defendant takes a jury trial, the jury rate is compromised by when a reviewing court on appeal substitutes a different theory. And the Lead case cited the U.S. Supreme Court case, Sullivan v. Louisiana, which found that a court can't, quote, hypothesize a guilty verdict that was never in fact rendered, no matter how inescapable the findings of what the verdict might be. So that even if there was a fractional basis for finding an attempted act of sexual penetration, because that wasn't brought before the jury, to affirm that basis would be to violate my client's right to a jury trial. Let me ask you one further question. The defense lawyer during the trial conceded the aggravated criminal sexual abuse, trying to avoid being kidnapped, and he successfully did so. How does that factor into the evidence that the jury heard and the defense that basically admitted the aggravated criminal sexual assault? It doesn't factor in at all. There was no- the reasonable doubt challenge is because of the import of proof beyond reasonable doubt, it can't be forfeited. No one obviously thought that this was- that he was fully conceding guilt, that no one treated it like a stipulated bench trial, for instance. And we've said in cases in the opening brief that it can't be forfeited, it can be erased at any time, and that's what we're doing here. I'm not suggesting forfeiture. I'm suggesting that how does it factor in where the defense lawyer admits that they proved that case, let them go on the aggravated kidnapping, which the jury did. Well, those don't have to defer to the defense counsel's interpretation of the evidence and that opinion doesn't carry any weight before this Court. Fair enough. Thank you. Unless Your Honors have any other questions, we would ask that this Court vacate my consultation. Thank you very much. Thank you. Good afternoon, counsel, justices. Once again, Assistant State's Attorney Justin Erb, I'm representing the people of Illinois. May it please the Court. It is the people's position in this matter that this Court does not have jurisdiction to consider whether or not there was sufficient evidence to convict defendant of attempt-aggravated criminal sexual assault. The reason the people hold this position is because it is following this Court's lead in Priest. Supreme Court Rule 606 is very clear. It is the only step necessary to establish appellate jurisdiction. The way that defendant is asking this Court to apply 5-115-4.1g to grant general jurisdiction to reach through that loophole and to consider the underlying conviction and sentence would be unconstitutional. Instead, this Court should interpret 4.1g the same way it did in Priest, as a statute that allows this Court, in the interest of judicial economy, to combine two timely five notices of appeal. The first one back when he was convicted and sentenced, and the second one after the denial of his motion for a new trial. Well, in Priest, the notice of appeal was of what judgment? The notice of appeal in Priest was over the motion for a new trial after he returned from his fugitive status. Which is the October, the later? The later one, yes, sir. I thought, the way I read the facts, the notice of appeal stated that he was appealing the April 23, 2001 judgment. It didn't say anything about the October 11th judgment, did it? I don't recall. Because there would be a difference. I mean, there, the, the, here he's appealing with regard to the judgment that was entered earlier as well. But there, he didn't, Priest did not. Oh, I see. Your Honor, in this case, he, the people are not arguing that he doesn't have jurisdiction to appeal his motion for a new trial. In fact, the, the, in that case, he, or in this case, defendant was present during the first day of trial, then he went to Michigan where he stayed for 10 years, then he came back, then he filed a motion for a new trial. In his motion, or during the hearing, defendant testified that the reason he didn't come back was because he was scared that he was going to be convicted and he was scared of going to jail. The court found that, that, that was voluntary, that was, was 100% within his control, and denied his motion. Defendant in this case appeals from that, but he barely mentions that, that hearing within his brief, and he doesn't argue that it was wrongly decided. So, so in this case, defendant, if defendant argued, for example, that the, that, that the court made an incorrect determination, that his being afraid of being convicted and, and tried and sent to prison was, rendered him unable to control himself or something like that, then defendant would have, or this Court would have jurisdiction over that argument. Defendant is not making that argument here. Instead, what. What if he made both arguments? That I not only should have gotten a new trial because I had a reason for not being in the first trial, and if you decide not to give me a new trial, I should have been convicted in the first place. Can't he raise both issues on appeal here? Well, he can only raise both issues on appeal if he filed two notices of appeal. As counsel. But doesn't the statute take care of that? No, the, the statute, if, if, the. I mean, is that what the last line in the statute? The, the statute being 4.1g? Yes. Okay. The last line in the statute is, if I can. Such notice may also include a request for review of the judgment and sentence not vacated by the trial court. Didn't he do that? He, he, he. No, he used a simple form to fill out. Didn't he do that? Yes, Your Honor. He, he did that. But the way 4.1g, if it is read in such a way that it would allow him to reach through and go back to the direct appeal or the equivalent of a direct appeal, that would render the statute unconstitutional, as this Court found in Priest and, therefore, it interpreted. Unconstitutional as to who? I apologize? Unconstitutional as to the defendant? It would render the statute unconstitutional if applied in the way defendant is asking it to be applied under the separation. The unconstitutional provision is being violated if the Court held that he could do both. That would be the separation of powers clause. Under the separation of powers clause, each branch is separate. No branch may exercise powers properly belonging to another. In this case, there is a, the judicial sphere of authority certainly includes court procedure. And as the people cited cases show, court procedure would encompass appellate procedure and it would encompass the ability to create appellate jurisdiction. As people held, as this Court held in Priest, if this Court finds that or held that 4.1g creates new jurisdiction, it creates a new way to get it beyond the scope of what Supreme Court Rule 606 allows, then that would be an undue infringement upon the Court's sphere of authority and it would be irreconcilable with the statute. So, as I said, it can only be either, 606 is the only way to get appellate jurisdiction or Rule 4.1g is proper and if that's the case, then the rule must prevail because it's a matter of court procedure. Okay. Also, if I can briefly touch on Part T in this matter, as counsel brought it up. Part T didn't hold that 4.1g is constitutional. What it held is that they're separate collateral matters. So, it's possible that one of them is right and then the other one isn't. So, in this case, if defendant was convicted, he was sentenced, he had his final judgment and then as has been the case in Part T, specifically was the case in Part T and the case in Velazquez, filed a notice of appeal even though his, even though the defendant was still a fugitive and that remained on the Court's docket. Then, when he returned, he filed a motion for a new trial and then appealed from that. Then both of those matters would be right. Both of those matters could be considered. However, that's not the situation here. That was the situation in Part T, but here there is no initial motion. So, it would be beyond the scope of 606. It would amount to a 10-year extension of Supreme Court Rule 606, which defendant is asking for not despite the fact he was a fugitive, but because he was a fugitive. No fugitive defendant, no non-fugitive defendant, excuse me, in Illinois who was convicted and then put in prison and then 10 years later said, you know what, I want to appeal this.  So, that would plainly be beyond Supreme Court Rule 606 and that plainly would be dismissed and there's no difference between what's happening now and what would be happening in that case. Furthermore, if I can briefly touch on Dupree as that was mentioned in the briefs. In Dupree, this Court held that as a matter of fundamental fairness and due process, if defendant alleges one of those, a violation of due process or fundamental fairness, then this Court must consider his appeal there. This Court should follow its decision in Priest and not in Dupree for a few reasons. First, Priest was decided after Dupree and didn't mention or didn't follow that rule. Secondly, Dupree was filed before the Supreme Court case People v. Lloyd in 2005 and more recently, People v. Salem in 2016, both of which the Supreme Court held that that rule such that where the Court finds exceptions to Supreme Court rules in the interest of judicial commoning or fundamental fairness or due process shouldn't be allowed. It has to follow the Supreme Court rules and it has to follow, in this case, Supreme Court Rule 606. Okay. Unless there are any further questions on the jurisdictional issue, I'd be happy to move to the sufficiency. Yeah, go ahead. Okay. So this Court, to reiterate, should dismiss this case for lack of jurisdiction, but if it does not, it should affirm defendant's conviction for attempt aggravated sexual assault, criminal sexual assault, excuse me. The standard of review in this matter is simple. It is Jackson v. Virginia. Could any reasonable jury, given the facts on the record, find that defendant was guilty of this crime beyond a reasonable doubt? In this case, the evidence is simply overwhelming. All the people have to prove is that he intended to commit attempt aggravated criminal sexual assault and he took a substantial step in doing that. In this case, the people proved that defendant, after drinking about a dozen and a half beers, saw a young woman he perceived to be 13 to 14 years old, stopped his car, grabbed her by the neck, dragged her halfway up a hill, ripped off her shirt, ripped off her bra, said that, you know, let me see. Believe this. Okay. So the facts are overwhelming of guilt and doubt. What the defendant is doing is he found an error in the jury instructions. The definition was incorrect. It's not an object of another person, and that's not a valid theory of sexual penetration. However, the defendant is not making what is clearly the more obvious argument here, which is that there was a plain error. The reason the defendant's not doing that is because, as this Court held in McNeil, it's possible to commit a McGetty error to find, to give the contact instruction when it should have given the intrusion instruction, and nevertheless have his conviction upheld because the evidence is so overwhelming that it didn't prejudice him. In this case, as has been pointed out, he was clearly guilty of it, as his own counsel admitted. So rather than make that very obvious instruction, he is seizing on this sufficiency of the evidence argument to get around that. Furthermore, the people's trial, theory trial, I'm sorry, trial theory was always intrusion, and that's clear from the way he charged, which was just sexual penetration. It was clear by the way they argued it, where they alternatively said he was going to rape her and that he was going to have sex with her. What about the statement that a finger is an object? Yeah, that was an incorrect statement of law. The people gave their own jury instruction to the trial court. The trial court gave their own jury instruction, and the people made their own argument. That doesn't change that there was sufficient evidence at trial to convict the defendant beyond a reasonable doubt. Furthermore, all of the cases the defendant cited, including People v. Lloyd, do not stand for the assertion that he's making that it somehow changes the Jackson v. Virginia standard. In Lloyd, for example, the court just held that where the evidence at trial shows that the defendant or the victim of the defendant knew the nature of the sexual acts, it doesn't matter that he could have been found guilty under another statute. It's just that the record didn't prove that he was guilty beyond a reasonable doubt. It doesn't hold that the trial theory is what dictates Jackson v. Virginia. Neither does Crespo, where the court just held that multiple actions charges one act count as the same act under the one-crime, one-act rule. Kimball Spiro just held that once proven guilty or proven not guilty at the trial court level, the trial court can't ask the attorneys to write a memo about whether he could have been found guilty somewhere else. And then in Carver View, that wasn't even a sufficiency of the evidence argument. That was a third-stage post-conviction hearing act proceeding, about a 480 violation, where on a footnote it said this might have been avoided if the people did a different accountability theory. None of these cases hold differently than Jackson v. Virginia, which is quite simply that if the record shows there's sufficient evidence for a reasonable jury to find defendant beyond a reasonable doubt, then this court must defer it. And in this case, Your Honor, that's clearly what the people did. And for that reason, we ask that if you do not dismiss this case, you affirm defendant's conviction for attempt to aggravate criminal assault. Are there any other further questions? Okay, thank you very much. Thank you, Your Honor. I might go a little over three minutes, so please hold me for my time. First, with regard to jurisdiction, my post in counsel argues that it's in the interest of judicial economy to dismiss the appeal in this case. And that's not true. It's not within the judicial economy at all. In our reply brief, we quoted People v. Creighton, which found that it's in the interest of the courts and the interest of judicial economy to address constitutional issues on direct appeal. That's exactly what we're doing here. It doesn't make any sense to make my client file a post-conviction, which he possibly could or could not succeed on, considering the procedure of barriers that's in a post-conviction, and that it's very possible that the State would argue he'd been forfeited by not having a direct appeal. The issue is before this Court. Within the four corners of the record, it's something that this Court should address. With regard to the interplay between Rule 606 and Subsection G of the in absentia statute, People v. Creighton, it's clear that they cover some of the same ground. It held that it agreed with the State's argument in that case that Subsection G, quote, allows the defendant to raise issues unrelated to absence. Later in the decision in discussing what would happen if issues were raised, you know, whether the defendant would have two bites of the same apple, the Court said that that would be dealt with with preclusion doctrines, where he should have had that sort of thing. And there would be no reason for the Court to address that situation unless the same issues, direct appeal issues, could be raised from Subsection G. And as we've pointed out, Subsection G specifically allows those issues to be raised. Now, my opposing counsel argues that the in absentia statute somehow works to the benefit of my client versus clients who have held the jurisdiction rather than clients who stayed. And I don't think that that's right either. Subsection G allows for an appeal, but in order to make that appeal, there need to be allegations that their absence wasn't willful. And it's also possible that even if he had filed a notice, if his attorney had filed a notice of appeal, initially he would have been denied that right to an appeal because of the fugitive witness rule, which gives the Court the discretion to hear those appeals or not. And in addition, even if he could file, yes, I think I'll leave it at that. With regard to the merits, I don't think that my opposing counsel's summaries of the cases that I've discussed regarding charging theories is accurate, although we said in some aspects of the cases we were setting specific holdings. With regard to Crespo and Loy, that the state couldn't change crimes on appeal. With regard to Kindlespear, there was one provision of the Registration Act, and Kindlespear found you couldn't raise a different theory of that, which is basically what we're arguing here, of the same provision. And in the Carbondale case, the Court found that you can't change the theory of accountability. You couldn't go from shared intent to common design between the trial theory and the theory on appeal. Unless there are any more questions, we'd ask you to reverse the convention. All right. Thank you very much. Thank you both. Good job. You'll be hearing from us soon. Thank you.